Argued at Pendleton May 2; affirmed June 20, 1939

## SCHWARTZ ET AL. *v.* GARRETT ET AL.

(91 P. (2d) 535)

Department 1.

*Alfred P. Kelley*, of Portland (T. Lester Johnson, of Wasco, on the brief), for appellants.

*Frank G. Dick,* of The Dalles, for respondents.

ROSSMAN, J. This is an appeal by the plaintiffs from a decree of the circuit court entered in a suit which was instituted for the purpose of setting aside a deed executed by Charles H. Schwartz, grantor, and delivered by him to Pearl Garrett, grantee, one of the defendants. The suit was based upon charges that

the aforementioned grantee and her co-defendant and husband, Tom Garrett, through the exercise of undue influence, had induced Schwartz to execute the deed. The property conveyed was a ranch, 640 acres in extent, and worth approximately $12,000. Schwartz was a bachelor, 78 years of age. For a few days, at least, immediately preceding the execution and delivery of the deed Schwartz had been ill, but had not been confined to his home. He lived with his unmarried sister, Anna F. Schwartz, who is one of the plaintiffs in this case. He defrayed virtually all of the household expenses. Five days after the execution and delivery of the deed he died intestate. Immediately prior to its execution he had undergone a surgical operation. In addition to his sister Anna his other heirs are another sister and a brother. Apart from the property described in the attacked deed, Schwartz owned property which was appraised in the probate court as worth $11,123.

This appeal presents no difficult issues of law. As the plaintiffs state in their briefs, "the facts of this case must decide it." We have carefully read the transcript of testimony and briefs submitted by the parties. Similar attention was bestowed upon the exhibits. Our examination of the record has induced us to believe that the trial judge arrived at the correct decision. We believe that his memorandum decision affords a sufficient understanding of the issues and contains a correct statement of the legal principles which control them. We adopt his memorandum decision as our own, and now quote it:

"The plaintiffs have instituted this suit for the purpose of setting aside a deed from Charles H. Schwartz to Pearl Garrett, dated November 23, 1936. The grounds relied upon by the plaintiffs are that

Charles H. Schwartz was at said time in a weakened condition physically and mentally and that the defendants induced him to make the deed by overcoming his will without convincing his judgment. It is not claimed that Schwartz was incapable of transacting his business or was not mentally qualified to make the deed, but that his judgment was overcome by the undue influence of the defendants.

"The record disclosed a close friendship existing between Charles H. Schwartz and the defendants covering a period of many years. The record is replete with mutual acts of kindness between Schwartz and the defendants. There is evidence from witnesses who are worthy of belief that Schwartz on previous occasions had stated that he intended to give this property to the defendants, or that he intended to do something for the defendants. There is a total lack of evidence that either defendant ever made a suggestion or did an act calculated to induce Schwartz to make the deed. The only thing the plaintiffs have shown is the opportunity for the defendants to have used their supposed influence on Schwartz.

"Many witnesses have testified that Schwartz was not an easy man to influence and the weight of evidence is to the effect that he knew what he wanted to do when he made the deed. Mere opportunity for influence or suspicion of influence is not enough to set aside a deed. The court might feel that he should have provided for his sister before being generous with the Garretts, but Schwartz had a perfect legal right to dispose of his property in any manner he saw fit. The only question with which we are concerned is that of whether the defendants used undue influence on Schwartz and overcame his judgment. The court is of the opinion

that the plaintiffs have failed to establish that the defendants used undue influence on Schwartz at any time to bring about the execution of the deed. Even if it may be assumed that the burden was on the defendants to establish the legality of the transaction, the court feels that the defendants have established by a preponderance of the evidence the legality of the transaction. The court is not ruling that the defendants had the burden of proof because the court is of the opinion that the plaintiffs had the burden of proof.

"It is a natural human instinct to reward friendship and acts of kindness and the court is of the opinion that Schwartz was prompted by that motive when he made this deed and that he acted freely and voluntarily. The plaintiffs' complaint will be dismissed with costs."

Being of the above opinion, it follows that the decree of the circuit court is affirmed.

RAND, C. J., and KELLY and BAILEY, JJ., concur.